IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

PHILLIP STEVEN BORDEN,              )
                                    )
              Petitioner,           )
                                    )
v.                                  )        Case No. 16-CV-0024-CVE-TLW
                                    )
JASON BRYANT, Warden,               )
                                    )
              Respondent.           )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  Before the Court is Respondent's motion

to dismiss petition for writ of habeas corpus for failure to exhaust state court remedies (Dkt. # 6).

Respondent also filed a brief in support of the motion to dismiss (Dkt. # 7).  Petitioner filed a

response in opposition to the motion to dismiss (Dkt. # 9) and a "motion for stay and abeyance"

(Dkt. # 8).  Respondent filed a response in opposition to the motion for stay and abeyance (Dkt. #

10) and Petitioner filed a reply (Dkt. # 11).

For the reasons discussed below, the Court finds that Petitioner failed to exhaust state

remedies for all claims before commencing this federal habeas action.  As a result, this petition is

subject to being dismissed without prejudice.  In addition, because the one-year limitations period

has been tolled by the filing of an application for post-conviction relief in Petitioner's state criminal

case, Petitioner has sufficient time remaining in his one-year limitations period to refile his petition

should the instant petition be dismissed without prejudice.  For that reason, the Court finds

Petitioner's motion for stay and abeyance shall be denied.  However, Petitioner will be afforded the

opportunity to amend his petition to delete his unexhausted claims.  If Petitioner files an amended

petition by the deadline specified herein, the Court will deny the motion to dismiss and direct Respondent to file a response to the amended petition. Should Petitioner fail to file an amended petition by the deadline specified herein, Respondent's motion to dismiss will be granted and the petition will be dismissed without prejudice to being refiled within the time remaining in the one-year limitations period after conclusion of the currently pending state post-conviction proceeding.

### BACKGROUND

The record reflects that Petitioner Phillip Steven Borden was convicted by a jury of First Degree Rape by Instrumentation (Count I), Lewd Molestation (Counts III, IV, XI, XII, and XIV), First Degree Rape of a Victim Under 14 Years of Age (Counts VIII and IX), and Forcible Oral Sodomy (Count XIII), in Tulsa County District Court, Case No. CF-2011-1033.[1] See Dkt. # 7-1. He was sentenced in accordance with the jury's recommendation to life imprisonment and a $10,000 fine in each of Counts I, VIII, and IX; twenty (20) years imprisonment and a $10,000 fine in each of Counts III, IV, XI, XII, XIII, and XIV, with all sentences ordered to be served consecutively. Id. Petitioner was represented at trial by attorneys John Dunn and Dustin Phillips.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorneys Jason Edge, Melanie Lander, and Ryan A. Ray, Petitioner raised nine (9) propositions of error, as follows:

---

[1] The docket sheet for Case No. CF-2011-1033, see www.oscn.net, shows that, on February 4, 2013, the trial judge sustained Petitioner's motion to suppress and dismissed Counts V (Unlawful Possession of a Controlled Drug With Intent to Distribute), VI (Possession of a Firearm While in the Commission of a Felony), and VII (Possession or Selling of Paraphernalia). In addition, at the conclusion of the State's case during trial, the State dismissed Counts II (Lewd Molestation) and XV (Lewd Molestation). Id. The jury acquitted Petitioner of Count X (Lewd Acts With a Minor). Id.

Proposition 1:  The trial court erred in allowing the jury to hear evidence of and be instructed on the mischaracterization of "flight."

Proposition 2:  The trial judge erred in allowing four (4) separate instances of irrelevant prior bad acts to be mentioned by State's witnesses, in contrast to the court's earlier ruling.

Proposition 3:  A new trial is warranted because newly discovered evidence supports that the State's case against Defendant was based, at least in part, on perjury.

Proposition 4:  Defendant was denied due process in that the allegations against him were without a specific time period.

Proposition 5:  Prosecutorial misconduct denied Defendant a fair trial.

Proposition 6:  Ineffective assistance of counsel deprived Borden of a fair trial.

Proposition 7:  Newly discovered evidence shows that the prosecution engaged in misconduct by tampering with and/or intimidating defense witnesses, which robbed Defendant of his right to a fair trial.

Proposition 8:  The sentence imposed is excessive and unjust.

Proposition 9:  Defendant's convictions should be reversed due to lack of evidence against him.

(Dkt. # 7-2).  On October 16, 2014, in Case No. F-2013-839, the OCCA affirmed the Judgment and Sentence of the trial court.  (Dkt. # 7-1).  Nothing in the record suggests that Petitioner filed a petition for writ of certiorari in the United States Supreme Court.

On December 16, 2015, Petitioner filed an application for post-conviction relief in Tulsa County District Court, Case No. CF-2011-1033 (Dkt. # 8-2).  In his application, Petitioner raises three (3) claims, as follows:

First Proposition:  Mr. Borden was denied his Sixth Amendment right to effective assistance of counsel due to trial counsel's failure to investigate.

Second Proposition:  Mr. Borden was denied his Sixth Amendment right to effective assistance of counsel due to a breakdown in the attorney-client relationship.

3

Third Proposition:    Mr. Borden's due process right to a fair trial under the Fourteenth Amendment was violated because one of his accusers had a serious medical condition that may have affected her memory, which was not disclosed to his defense by the State.

Id. As of today's date, the application for post-conviction relief remains pending in Tulsa County District Court.[2] See Docket Sheet for Case No. CF-2011-1033, viewed at www.oscn.net.

On January 14, 2016, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 2). In his petition, Petitioner identifies eight (8) grounds of error, as follows:

Ground 1:    Mr. Borden is entitled to a new trial because the prosecution unduly interfered with Mr. Borden's witnesses, thereby preventing them from testifying and denying him a fair trial, and the OCCA made unreasonable determinations of fact in light of the evidence before it and rendered a decision that unreasonably applied and was contrary to clearly established federal law in rejecting this claim.

Ground 2:    Mr. Borden's due process rights were violated due to the lack of notice as to the conduct alleged to be illegal, which spanned nearly a decade without any precision as to when it was alleged to have occurred, and the OCCA unreasonably applied federal due process jurisprudence in finding otherwise.

Ground 3:    Mr. Borden is entitled to a new trial because his conviction was based upon false testimony and the OCCA made unreasonable determinations of fact in light of the evidence before it and rendered a decision that unreasonably applied and was contrary to clearly established federal law in rejecting this claim.

Ground 4:    Mr. Borden is entitled to a new trial based upon prosecutorial misconduct, in that the prosecutor attempt[ed] to shift the burden of proof to Mr. Borden and ridiculed Mr. Borden during closing arguments, and the OCCA made unreasonable determinations of fact in light of the evidence before it and rendered a decision that unreasonably applied and was contrary to clearly established federal law in rejecting this claim.

---

[2]    The docket sheet for Case No. CF-2011-1033 reflects that, on April 14, 2016, Petitioner filed a "motion to deem application for post-conviction relief confessed and for summary disposition in Petitioner's favor." See www.oscn.net.

Ground 5:    Mr. Borden is entitled to a new trial because his Sixth Amendment right to effective assistance of counsel was violated by counsel's failure to object to prosecutorial misconduct, and the OCCA made unreasonable determinations of fact in light of the evidence before it and rendered a decision that unreasonably applied and was contrary to clearly established federal law in rejecting this claim.

Ground 6:    Mr. Borden was denied his Sixth Amendment right to effective representation due to his counsel's failure to investigate.

Ground 7:    Mr. Borden was denied his Sixth Amendment right to effective representation due to a breakdown in the attorney-client relationship.

Ground 8:    Mr. Borden was denied a fair trial due to the failure to disclose that one of his accusers had a serious medical condition affecting her memory.

Id. Petitioner states that grounds 1-5 were raised on direct appeal, but acknowledges that grounds 6, 7, and 8 were first raised in his application for post-conviction relief presently pending in Tulsa County District Court. Id. Respondent argues that the petition should be dismissed for failure to exhaust state remedies. See Dkt. # 6. In response to the motion to dismiss, Petitioner requests that this action be stayed (Dkt. # 8).

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

5

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

After a review of the petition and the state record provided by the parties, the Court finds this is a "mixed petition" containing five (5) exhausted claims and three (3) unexhausted claims. Petitioner commenced this federal habeas action while his application for post-conviction relief, raising grounds 6-8, remains pending in the state district court. Grounds 6-8 will not be exhausted until a post-conviction appeal to the OCCA is concluded. Thus, grounds 6-8 are unexhausted and no exception to the exhaustion doctrine is applicable. For that reason, the petition is subject to being dismissed without prejudice as a "mixed petition."

When faced with a mixed petition, the Court may:

(1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

Fairchild v. Workman, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).  Given the pendency of Petitioner's application for post-conviction relief in state court, the Court declines to ignore the exhaustion requirement and deny the petition on the merits, the fourth option set forth in Fairchild.  The Court will proceed to consider options 1-3 as set forth in Fairchild.

In response to the motion to dismiss, Petitioner filed a motion for stay and abeyance (Dkt. # 8).  In his motion, Petitioner expresses concern that his habeas claims would be time-barred under 28 U.S.C. § 2244(d) if his petition is dismissed.  Id. at 3-4.  The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions.  Rhines v. Weber, 544 U.S. 269, 274 (2005).  "As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."  Id. at 275.

Here, Petitioner filed his petition for writ of habeas corpus prior to expiration of the one-year limitations period.  In fact, the one-year limitations period remains unexpired because it is currently tolled, or suspended, due to the pendency of the application for post-conviction relief.  28 U.S.C. § 2244(d)(2).  Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on January 14, 2015, or 90 days after the OCCA affirmed the Judgment and Sentence of the trial court on October 16, 2014, when the period for seeking certiorari review in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's

one year limitations period began to run on January 15, 2015, and his deadline for filing a timely petition for writ of habeas corpus was January 15, 2016. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

However, the one-year period is currently tolled under 28 U.S.C. § 2244(d)(2). The limitations clock stopped running on December 16, 2015, or 30 days before the deadline of January 15, 2016, when Petitioner filed his application for post-conviction relief in Tulsa County District Court, Case No. CF-2011-1033. The clock will not resume running until properly filed post-conviction proceedings are concluded. 28 U.S.C. § 2244(d)(2). In other words, if the state district court denies the application for post-conviction relief and if Petitioner perfects a post-conviction appeal in compliance with state law, the one-year period will not resume running until the OCCA enters a ruling concluding the post-conviction appeal. At that point, in order to obtain federal habeas corpus review of all of the claims raised in his petition, Petitioner will be obligated to file a new habeas corpus petition containing only exhausted claims within 30 days, the time remaining in the one-year period. Thus, if the instant petition is dismissed without prejudice, Petitioner has sufficient time remaining in his one-year limitations period to return to federal court after exhausting state remedies.

In his motion for stay and abeyance, Petitioner expresses concern that his post-conviction application may not toll the limitations period because it is not "properly filed," as required under 28 U.S.C. § 2244(d)(2). Specifically, he cites a concern that the post-conviction application may not have been timely filed. (Dkt. # 8 at 6). While Petitioner is correct that only a "properly filed" post-conviction proceeding will toll the limitations period, there is no specific time restriction for

8

filing an application for post-conviction relief in the state district court. <u>Moore v. Gibson</u>, 27 P.3d 483, 487 (Okla. Crim. App. 2001). Thus, because Petitioner's application for post-conviction of relief has been filed of record in his state criminal case, he has complied with state filing requirements and the one-year limitations period is tolled. Should the state district court deny the application for post-conviction relief, the limitations period will be tolled during the pendency of a post-conviction appeal if Petitioner commences his post-conviction appeal in compliance with OCCA rules governing post-conviction appeals. <u>See</u> Rule 5.2(C), <u>Rules of the Court of Criminal Appeals</u>. The Court further notes that even if the state courts determine that Petitioner's post-conviction claims are procedurally barred, Petitioner will be entitled to tolling of the one-year limitations period under § 2244(d)(2) as long as state filing conditions have been met. <u>Artuz v. Bennett</u>, 531 U.S. 4, 10-11 (2000); <u>Habteselassie v. Novak</u>, 209 F.3d 1208, 1210-12 (10th Cir. 2000).

The Court has discretion to issue a stay in this matter while Petitioner's application for post-conviction relief remains pending. <u>Rhines</u>, 544 U.S. at 276. However, stays under <u>Rhines</u> are generally disfavored. <u>Id.</u> at 277 (stating that "stay and abeyance should be available only in limited circumstances"). Here, the Court finds that a stay and abeyance is not warranted. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id.</u> at 277. Petitioner has not demonstrated good cause. As discussed above, if Petitioner acts promptly, he has sufficient time remaining in his one-year limitations period to file a new petition after the state courts conclude

post-conviction review.[3]  For that reason, the Court declines to stay this action and Petitioner's motion for stay and abeyance shall be denied.

Petitioner states in his response to the motion to dismiss that, if the Court finds this action should be dismissed for failure to exhaust, he "might well decide that he merely wishes to proceed before this Court with the currently exhausted claims form his direct appeal."  (Dkt. # 9 at 5).  Accordingly, should Petitioner wish to proceed with his currently exhausted claims, he may, within fourteen (14) days of the entry of this Opinion and Order, file an amended petition deleting his unexhausted claims.  If Petitioner files an amended petition containing only exhausted claims, the Court will deny Respondent's motion to dismiss and direct Respondent to file a response to the amended petition.  If Petitioner fails to file an amended petition containing only exhausted claims by the deadline specified below, Respondent's motion to dismiss will be granted and the petition will be dismissed without prejudice for failure to exhaust.  Because the one-year limitations period is currently tolled or suspended due to the pendency of Petitioner's application for post-conviction relief in Tulsa County District Court, should Petitioner fail to obtain relief from the OCCA at the conclusion of his post-conviction appeal, he may promptly, within the time remaining in his one-year limitations period, file a new federal petition for writ of habeas corpus in this Court raising only claims he has fairly presented to the OCCA.

---

[3]     The Court notes that, in his motion for stay and abeyance, Petitioner expresses his willingness to file a motion to lift the stay within thirty (30) days after final disposition of the state-court proceedings.  See Dkt. # 8 at 9.  Dismissal of this action without prejudice will require compliance with the same time restriction cited by Petitioner – rather than filing a motion to lift the stay within thirty (30) days, he will be required to file his new habeas petition within thirty (30) days, the time remaining in his one-year limitations period.

10

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.   Petitioner's motion for stay and abeyance (Dkt. # 8) is **denied**.

2.   Should Petitioner wish to proceed with his currently exhausted claims, he may, within fourteen (14) days of the entry of this Opinion and Order, file an amended petition deleting his unexhausted claims.

3.   If Petitioner files an amended petition containing only exhausted claims, the Court will deny Respondent's motion to dismiss and direct Respondent to file a response to the amended petition.

4.   If Petitioner fails to file an amended petition containing only exhausted claims by the above-established deadline, Respondent's motion to dismiss will be granted and the petition will be dismissed without prejudice for failure to exhaust.

**DATED** this 21st day of April, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE